HENRY D. WINNIE, APPELLANT, *v.* GIDEON TOUSLEY, RESPONDENT.

*Evidence — testimony of a witness as to the genuineness of a signature — right of a party to cross-examine him as to the difference between the signature in question and a genuine signature —* 1880, *chap.* 36.

APPEAL from a judgment for the defendant, entered upon a verdict rendered at the Jefferson County Circuit.

The action was brought upon a promissory note for $155, dated May 25, 1875, given to the plaintiff, and signed by S. G. Graves, as principal debtor, by the defendant Gideon Tousley as accommodation maker, and by Peleg K. Graves as their surety. The defendant Tousley defended on the ground that he did not make the note. The note in suit was put in evidence and marked exhibit "A;" another note, called the Hale note, was marked exhibit "B."

Upon the trial evidence was given tending to show that Tousley did not execute the note in suit, and also evidence tending to show that he did execute it. The defendant called Foster Tousley, who testified that he had seen the note in suit, and "should think it not his writing." In the course of his cross-examination he undertook to state how he judged the signature was not that of defendant Tousley, and pointed out certain letters and said, viz.: "I judge of this alleged signature on note (exhibit 'A') from the general appearance, and the one 'ou' and 's,' the mark I discover — all the mark, I discover in it, that is evidence to me that it is not his signature — is that it looks to me as if that had been made into 'w' and then converted into 'us,' — 'tows' instead of 'tous.' All the times I have seen the name it is 'tous;' you may call it the spelling; I don't know but both ways of spelling may be correct; some write it one way and some the other; I find no other mark or letter that is an indication to me that it is not genuine." * * * Then the following question and ruling, with an exception, appear in the appeal book: "Q. Describe what difference you can discover between the 'w's' or the 'u's' in the name of the defendant on exhibit A and his name on exhibit D. Objected to as being a question for the jury." The court ruled that *would not be competent,* to which the plaintiff took an exception.

The court at General Term said : " We think the learned judge

fell into an error. We think the question was proper, and that the plaintiff was entitled to an answer from the witness, who had expressed an opinion which was against the plaintiff; and tne plaintiff had a right to test the witness and ascertain the grounds of his opinion.

"If the court placed its ruling upon the idea that the comparison sought for must be made by the jury alone, the ground cannot be sustained. True, under chapter 36 of the Laws of 1880, page 141, the jury might make a comparison between the signature upon exhibit 'A' and exhibit 'D.' But that furnishes no reason why the plaintiff should not have the question answered by the witness in order to enable the jury to say what weight they should attach to the opinion of the witness. Both comparisons the plaintiff had a right to.

"The statute declares in terms, viz.: 'And such writings and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute.' This follows a declaration of the statute to the effect that a comparison shall be permitted to be made by witnesses in all trials and proceedings. The ruling took away from the plaintiff one of the privileges of the statute by refusing to allow a witness to state the result and particulars of his comparison so that such evidence of witness might be submitted to the court and jury. After such evidence of the witness was given, the plaintiff was entitled to have the disputed writing and genuine ones submitted with 'the evidence' to the jury. We cannot overlook the error or say that it worked no harm to plaintiff. The contest was sharp and resolute upon the trial in respect to the signature. One mode of getting rid of the adverse opinion of the witness was denied to the plaintiff by the ruling." (*Hilsley* v. *Palmer*, 32 Hun, 474; *Stokes* v. *People*, 53 N. Y., 165, 183.)

*Levi H. Brown*, for the appellant.

*John C. McCartin*, for the respondent.

Opinion by HARDIN, P. J.; BOARDMAN and FOLLETT, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.